**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

GARY ANDERSON PETITIONER

v. NO. 5:14-cv-00169-DPM/HDY

RAY HOBBS, Director of the
Arkansas Department of Correction RESPONDENT

**FINDINGS AND RECOMMENDATION**

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and “Statement of Necessity” to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

In May of 2003, petitioner Gary Anderson ("Anderson") pleaded guilty in an Arkansas state trial court to one count of rape as charged in case number CR 2002-244-2 and one count of second degree sexual assault as charged in case number CR 2002-245-2 and was sentenced to the custody of respondent Ray Hobbs ("Hobbs"). Because Anderson pleaded guilty, he was precluded from appealing.

In September of 2004, Anderson filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 and challenged the representation afforded him by his trial attorneys. The petition was dismissed on December 3, 2004, when the state trial court judge granted Anderson's request to dismiss the petition. Anderson represents, and the undersigned accepts, that he made the request at the direction of his attorney in the post-conviction proceeding.

In May of 2011, Anderson filed a state petition for writ of habeas corpus. In the petition, he maintained that "his due-process rights were violated at his guilty-plea hearing based on the trial court's failure to comply with Rules 24.4, 24.5, and 24.6 of the Arkansas Rules of Criminal Procedure." See Anderson v. State, 2013 Ark. 310, — S.W.3d —, 2013 WL 4779682 at 1 (2013). The state trial court judge dismissed the petition, and Anderson appealed. The Arkansas Supreme Court found no reversible error and affirmed the dismissal of his petition in September of 2013. See Anderson v. Hobbs, 2013 Ark. 310, 2013 WL 4779682 (Ark.S.Ct. 2013).

In May of 2014, Anderson filed the petition at bar pursuant to 28 U.S.C. 2254 and challenged his 2003 guilty pleas in case numbers CR 2002-244-2 and CR 2002-245-2. In support of the petition, he advanced the following three claims: (1) the state trial court lacked subject matter jurisdiction because the state trial court judge failed to follow the Arkansas rules of criminal procedure ensuring that Anderson's guilty pleas be knowingly, intelligently, and voluntarily entered, (2) because the state trial court lacked subject matter jurisdiction, Anderson's sentence is void or otherwise illegal; and (3) Anderson's attorney in the post-conviction proceeding provided constitutionally ineffective representation because counsel abandoned Anderson after the dismissal of his state trial court petition for post-conviction relief.

Hobbs responded to Anderson's petition by asking that it be dismissed. Hobbs maintained that the petition should be dismissed because it is barred by limitations and, alternatively, the claims contained in it are without merit.

Anderson filed a reply to Hobbs' response, a reply in which Anderson largely addressed Hobbs' assertion of limitations. Anderson acknowledged voluntarily dismissing his state trial court petition for post-conviction relief but maintained he did so only after being assured by his attorney in the post-conviction proceeding that another legal avenue would be pursued whereby Anderson's chances of relief would be enhanced. In the years after Anderson withdrew his petition, though, counsel "failed to follow through with his promises and ... abandoned [Anderson]." See Document 12 at 2. Anderson finally gave up on his attorney and filed the petition at bar without the assistance of counsel.

The undersigned has now reviewed the parties' submissions. It may be that Anderson's petition is barred by limitations, and it also may be true that some or all of his claim are procedurally barred from federal court review. Rather than address those questions, though, the undersigned will simply address the merits of his claims. See Dodge v. Robinson, 625 F.3d 1014 (8th Cir. 2010) (procedural issues should ordinarily be resolved first, but judicial economy sometimes dictates reaching merits of claims first).

Anderson's first claim is that the state trial court lacked subject matter jurisdiction. He so maintains because the state trial court judge failed to follow the Arkansas rules of criminal procedure ensuring that Anderson's guilty plea be knowingly, intelligently, and voluntarily entered.[1]

To the extent Anderson's claim is based upon a violation of state law, his claim warrants no relief. It is axiomatic that federal habeas corpus relief is not available for mere errors of state law. See Evenstad v. Carlson, 470 F.3d 777 (8th Cir. 2006).

To the extent Anderson's claim is based upon a violation of federal law, a guilty plea embodies the waiver of several constitutional rights. See McCarthy v. United States, 394 U.S. 459 (1969). "A state court may not accept a guilty plea unless the defendant enters it voluntarily and with sufficient understanding of the charge[s] and the likely

1 Anderson raised this claim in his state petition for writ of habeas corpus, but the state Supreme Court largely declined to address the claim because it was not cognizable in such a proceeding. The state Supreme Court did note, though, that "[Anderson] failed to show that the judgment of conviction was facially invalid or that the circuit court lacked jurisdiction; thus, the trial court properly denied his petition for relief." See Anderson v. Hobbs, 2013 WL 4779682 at 1. In so noting, the state Supreme Court made no findings of fact that the undersigned can adopt or otherwise rely upon.

consequences of the plea." See Paulson v. Black, 728 F.2d 1164, 1165-1166 (8th Cir. 1984). The question of whether a guilty plea was voluntarily and intelligently entered is answered by examining the "totality of the circumstances." See Lindner v. Wyrick, 644 F.2d 724, 728 (8th Cir. 1981).

Anderson does not state why his guilty pleas were not knowingly, voluntarily, and intelligently entered. He simply alleges that they were not knowingly, voluntarily, and intelligently entered. The undersigned has carefully examined the transcript from the state trial court hearing during which Anderson offered his guilty pleas. See Document 10, Exhibit H. The examination reveals no defect or constitutional infirmity. In fact, the state trial court judge conducted a very thorough hearing. He covered, and Anderson acknowledged, the charges and range of punishments, that nothing had been done to cause Anderson to change his pleas, the constitutional rights he was waiving by pleading guilty; that he was not under the influence of any drugs or alcohol; that he was not suffering from a mental impairment; that Anderson was satisfied with the representation of his attorneys; that there was a factual basis for his pleas; and the nature of his plea agreement with the State of Arkansas. It was only after covering the aforementioned matters, and being assured by Anderson that he understood what he was doing, that the state trial court judge accepted Anderson's guilty pleas. Given the totality of the circumstances, and mindful that solemn declarations in open court carry a strong presumption of verity, see Blackledge v. Allison, 431 U.S. 63 (1977), it cannot be said that Anderson's pleas were unknowingly, involuntarily, or unintelligently entered.

Anderson's second claim is tied to his first claim. He maintains as his second claim that when the state trial court judge failed to follow the Arkansas rules of criminal procedure, the state trial court lost jurisdiction and the sentence Anderson received is void or otherwise illegal. Anderson's claim warrants no relief. Like the state Supreme Court found, he has failed to show that "the judgment of conviction was facially invalid or that the [state trial court] lacked jurisdiction ..." See Anderson v. Hobbs, 2013 WL 4779682 at 1.

Anderson last maintains that his attorney in the post-conviction proceeding provided constitutionally ineffective representation because counsel abandoned Anderson after the dismissal of his state trial court petition for post-conviction relief. This claim also warrants no relief. Even after the United States Supreme Court's decision in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), there is no constitutional right to an attorney in a state post-conviction proceeding. See Coleman v. Thompson, 501 U.S. 722 (1991).[2] "[W]here there is no constitutional right to counsel, there can no deprivation of effective assistance." See Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007). Although a claim of abandonment is certainly relevant in the context of questions involving limitations or procedural bar, the undersigned knows of no instance in which such a claim warrants relief as a free-standing claim.

---

2

Martinez v. Ryan involved the issue of cause for a procedural default; the Supreme Court held that "a federal habeas court may excuse a procedural default of a substantial ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." See Sasser v. Hobbs, 745 F.3d 896, 897 (8th Cir. 2014).

On the basis of the foregoing, the undersigned finds that Anderson's claims warrant no relief. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

DATED this ___11___ day of August, 2014.

______________________________
UNITED STATES MAGISTRATE JUDGE